UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:1-cr-1-141-LTS |
| ) | |
| WESLEY MACGREGOR, ) | |
| ) | |
| Defendant ) | |

## DEFERRED PROSECUTION AGREEMENT

This Deferred Prosecution Agreement (the "Agreement") is made between the United States Attorney's Office for the District of Massachusetts (the "USAO") and the defendant, Wesley MacGregor ("MacGregor").

1. MacGregor acknowledges that the USAO has independently developed evidence that could be sufficient to establish beyond a reasonable doubt that MacGregor violated federal law as described in Count 4 of the Indictment.

### Term of the Agreement

2. This Agreement is effective for a period of six months from the date on which the Information is filed (the "Term"). If the Court rejects this Agreement, all provisions of this Agreement shall be deemed null and void, and the Term shall be deemed not to have begun.

### Deferral of Prosecution As to Count 4

3. If MacGregor complies with all his material obligations under this Agreement for the full Term, the USAO will file a dismissal of Count 4 of the Indictment as to him no later than thirty days after the Term expires.

1

4. Absent a material breach by MacGregor of his obligations under this Agreement, the USAO will bring no additional charges against MacGregor relating to the conduct forming the basis for the Indictment.

5. This Agreement does not protect MacGregor from prosecution for any crimes except those arising out of the conduct described in the Indictment. This Agreement does not apply to any individual other than MacGregor.

6. The USAO and MacGregor understand that the Court must approve the deferral of prosecution set out and agreed to in this Agreement in accordance with 18 U.S.C. § 3161(h)(2). Specifically, for purposes of the Speedy Trial Act, the Court must approve the delay of a trial on the Indictment to allow MacGregor sufficient time to demonstrate his good conduct by complying with Paragraph 10 of this Agreement.

## Dismissal of Counts 1-3

7. Within thirty days after execution of this agreement by all parties, the USAO will file an assented-to motion for dismissal of Counts 1-3 of the Indictment as to MacGregor; such dismissal shall be without prejudice to the United States' ability to re-present the indictment in the event of a material breach of MacGregor's obligations under Paragraph 10.

8. The USAO and MacGregor understand that the Court must approve the dismissal of the charges in the Indictment.

## Breach of the Agreement

9. If, during the Term, MacGregor (a) commits any violation of federal criminal law, (b) fails to comply with his obligations herein, or (c) otherwise fails to perform or fulfill completely each of his obligations under this Agreement, MacGregor will thereafter be subject to prosecution for Count 4 of the Indictment.

10. Determination of whether MacGregor has breached this Agreement and whether to pursue prosecution of MacGregor will be in the USAO's sole discretion. If the USAO determines that MacGregor has breached this Agreement, it will give MacGregor written notice before instituting any prosecution resulting from such breach. Within thirty days after receiving such notice, MacGregor will have the opportunity to make a presentation to the USAO to demonstrate that: (a) no breach occurred, (b) the breach was not a knowing breach and could not have been avoided with the exercise of due diligence, or (c) the breach has been cured. The USAO will consider any such presentation in determining whether to pursue prosecution of MacGregor.

11. MacGregor agrees that the consequences for a breach set forth in this Agreement are remedies to which the USAO is entitled in the event of a breach and shall survive the termination of this Agreement in the event of a breach. MacGregor agrees that the USAO's remedies for a breach are not limited to those set forth in this Agreement. MacGregor further agrees that, in the event of a breach, MacGregor nevertheless will be bound by his waivers of legal, equitable, and constitutional rights set forth in this Agreement, and those provisions will survive even in the event of a breach.

## Agreement Binding Only on MacGregor and USAO

12. This Agreement is binding only on MacGregor and the USAO and does not bind any other component of the U.S. Department of Justice, any federal agency, or any state or local law enforcement or administrative authority. Further, the waivers and other agreements made by MacGregor herein shall not be binding on MacGregor in any civil or criminal proceeding initiated by any person or entity other than the USAO.

13. Nothing in this Agreement restricts in any way the ability of the USAO to proceed against any individual or entity not a party to this Agreement.

3

## Miscellaneous

14. MacGregor and the USAO agree that this Agreement shall be made available to the public.

15. This Agreement may be executed in counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same Agreement. Signatures transmitted by facsimile or email shall be deemed to be original signatures for all purposes.

16. This Agreement constitutes the entire agreement between the parties, and supersedes all prior agreements or understandings, both oral and written, with respect to the subject matter hereof and the disposition of this case. No promises, representations, or agreements have been made other than those set forth in this Agreement. This Agreement may be modified or supplemented only in a written memorandum signed by the parties or by express agreement of the parties on the record in court.

17. MacGregor is aware that 18 U.S.C. § 3006A, the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants' attorneys' fees and other litigation expenses. In exchange for concessions the U.S. Attorney made in this Agreement, MacGregor voluntarily and knowingly waives any claim MacGregor might assert under this statute.

## Advice of Counsel

18. MacGregor acknowledges the following: he has read and understands the terms and provisions of this Agreement; he has had a full and complete opportunity to consult with legal counsel and to ask any questions about the terms and provisions of this Agreement; he fully understands the nature of the crime alleged against him in the Indictment, the maximum

4

penalties and Sentencing Guidelines provisions applicable to the offense, and penalties potentially applicable to him; he has discussed with counsel the charge against him, possible defenses he might have, and whether he should go to trial; his agreements and waivers stated herein are knowing and voluntary and are made with the advice of counsel; and he is satisfied with the legal representation provided by his legal counsel.

AGREED.

ZACHARY CUNHA
UNITED STATES ATTORNEY
Acting under Authority Conferred by
28 U.S.C. § 515

By: _____
WILLIAM ABELY
Criminal Chief
AMANDA STRACHAN
Deputy Criminal Chief

Date: 9-20-22

_____
WELSEY MACGREGOR
Date: 9/8/22

_____
ROSEMARY SCAPICCHIO, ESQ.
Counsel to Wesley MacGregor
Date: 9/8/22

5